UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN R. DEWITT,

    Plaintiff,

v.                                                                  Case No. 4:25-cv-73-MW/MJF

DAVID RUSSEL SULLIVAN, JR.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is suing his former attorney because Defendant allegedly collected a fee from the Social Security Administration to which he was not entitled. But Plaintiff fails to allege a cognizable federal claim under 42 U.S.C. § 406. Doc. 1. The undersigned afforded Plaintiff an opportunity to amend his complaint, but Plaintiff declined. Doc. 7. Because Plaintiff has not alleged a cognizable federal claim, the District Court should dismiss this claim and decline to exercise supplemental jurisdiction over Plaintiff's breach-of-contract claim.

I. BACKGROUND

A. **Procedural History**

On February 20, 2025, Plaintiff commenced this civil action and asserted that Defendant—an attorney—violated 42 U.S.C. § 406(b) by collecting a fee for representing Plaintiff before the Social Security Administration ("SSA"). Doc. 1 at 8. Because Plaintiff is proceeding *in forma pauperis*, the undersigned conducted the mandatory screening of Plaintiff's complaint. *See* 28 U.S.C. § 1915(e)(2)(B). On April 9, 2025, the undersigned advised Plaintiff that his complaint failed to state a plausible claim for relief and failed to sufficiently identify a basis for the District Court to exercise subject-matter jurisdiction. Doc. 5 at 3–7. The undersigned ordered Plaintiff to correct this defect or face dismissal. *Id.* at 10. Plaintiff did not comply with that order. *See* Docs. 6 (Order to Show Cause) & 7 (Response to Show Cause Order). Instead, Plaintiff asserts that his complaint is legally sufficient to proceed. Doc. 7.

B. **Plaintiff's Allegations**

On September 23, 2021, Plaintiff filed a claim for disability insurance benefits and a claim for supplemental security income with the SSA. Doc. 1 ¶ 2. On October 15, 2021, Defendant agreed to represent Plaintiff before

the SSA. *Id.* ¶ 3. Plaintiff alleges that Defendant breached their contract by: (1) failing to file a motion for reconsideration regarding the unfavorable decision made on Plaintiff's claim; (2) failing to file an appeal regarding the unfavorable decision; (3) failing to contact Plaintiff's medical providers for medical records; and (4) failing to communicate with Plaintiff regarding Plaintiff's claims. *Id.* ¶¶ 6–9.

On November 1 and November 5, 2021, Plaintiff sent to Defendant a notice of discharge. On June 23, 2022, the SSA awarded Plaintiff backpay for his supplemental security income claim. *See id.* ¶ 14. Prior to June 23, 2022, on a date not specified by Plaintiff, Defendant filed a request for attorney's fees, and the SSA awarded Defendant $1,238.01 for attorney's fees. *Id.* ¶¶ 13–14.

## II. STANDARD

The District Court is required to review Plaintiff's complaint and dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of

Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

**A.    Plaintiff's Attempt to Assert a Claim Under 42 U.S.C. § 406**

42 U.S.C. § 406 contains two subsections dealing with the award of attorney's fees in Social Security cases: "§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Plaintiff expressly relies on subsection (b). Doc. 1 at 8 ("Defendant's demanded payment is in excess of that allowed under 42 U.S.C. § 406(b)."). Because Plaintiff is proceeding *pro se*, he is entitled to a liberal construction of his complaint. Therefore, the undersigned also construes Plaintiff's claim as arising under 42 U.S.C. 406(a). The undersigned first addresses the defects in Plaintiff's claim under section 406(b) and then turns to the defects in Plaintiff's claim under section 406(a).

### 1. *Section 406(b) is Not Applicable*

Section 406(b) states in relevant part

**(1)(A)** Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

. . .

**(2)** Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

42 U.S.C. § 406(b)(1)–(2). In sum, this subsection authorizes a *federal court* to award attorney's fees to a plaintiff's attorney for representation before a *federal court* and criminalizes "any endeavor by the claimant's attorney to gain more than" the fee statutorily allowed. *Gisbrecht*, 535 U.S. at 806–07; *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

Here, Plaintiff does not allege that:

- Defendant represented Plaintiff in any claim regarding the denial of social security benefits in a federal court;

- a federal court found in favor of Plaintiff on any claims regarding the denial of Social Security benefits;

- Defendant requested that a federal court award fees for the work Defendant performed before the federal court; or

- a federal court awarded attorney's fees under § 406(b).

Instead, Plaintiff challenges the decision of *the Commissioner* to award attorney's fees to Defendant for work performed before the SSA's administrative court. Doc. 1 at 7. Therefore, Plaintiff's claim is governed by section 406(a), not section 406(b) as Plaintiff contends. For this reason alone, Plaintiff fails to state a plausible claim under 42 U.S.C. § 406(b).

### 2.   *Section 406(a) Precludes Judicial Review*

Even if Plaintiff had pursued a claim under § 406(a), he fares no better because § 406(a) precludes judicial review of claims regarding the Commissioner's decisions regarding the reasonableness of attorney's fees.

Section 406(a) sets forth the procedure for obtaining an award of attorney's fees for claims filed with the SSA. *See* 42 U.S.C. § 406(a)(2)(A)(i)–(iii). Section 406(a) also sets forth the administrative procedure for appealing an award of attorney's fees. 42 U.S.C. § 406(a)(3). "Once this process has been completed and a decision rendered, the decision is

unreviewable." *Gottesman v. Mason*, No. 08-3884 (JLL), 2008 WL 4691904, at *3 (D.N.J. Oct. 22, 2008) (citing 42 U.S.C. § 406(a)(3)(C)).

Plaintiff does not allege that the Commissioner failed to employ the procedures set forth in § 406(a). Instead, he asserts that Defendant was not entitled to any award because Plaintiff fired Defendant. Doc. 1. In essence, Plaintiff challenges the Commissioner's decision regarding the reasonableness of the fee awarded to Defendant. This claim necessarily fails because "[t]here is no judicial review of an administrative determination that a certain amount of money is a reasonable fee for services in the administrative proceeding." *Palmer v. Barnhart*, 89 F. App'x 806, 809 (3d Cir. 2004) (first citing *Cuthbert v. Secretary, Dep't. of Health & Human Sers.*, 784 F.2d 1157, 1159 (4th Cir.1985); then citing *Thomason v. Schweiker,* 692 F.2d 333, 335–36 (4th Cir.1982)); 42 U.S.C. § 406(a)(3)(c) ("The decision of the administrative law judge or other person conducting the review shall not be subject to further review."); 20 C.F.R. § 404.1720(d)(1) (reviewing official's "determination is not subject to further review"); *Steen v. Sec'y of Health & Hum. Servs.*, 64 F.3d 663, 1995 WL 452274 (6th Cir. 1995) (table decision); *Juan V. v. Kijakazi*, No. 1:19-CV-3212-MKD, 2022 WL 22286316, at *2 (E.D. Wash. Oct. 21, 2022); *Grasso-

*Herlan v. Kijakazi*, No. 20-CV-352-JFH-JFJ, 2021 WL 11669922, at *5 (N.D. Okla. Aug. 16, 2021). The District Court, therefore, should dismiss this claim.

### B. Plaintiff's Breach-of-Contract Claim

Finally, Plaintiff's asserts that Defendant breached their contract. Doc. 1 ¶¶ 3, 6–9. To the extent Plaintiff asserts a claim for breach of contract, this claim arises under Florida law. Plaintiff did not allege facts which indicate that the District Court enjoys diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. With respect to supplemental jurisdiction, the Eleventh Circuit has encouraged district courts to dismiss state claims when federal claims have been dismissed prior to trial. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 n.13 (11th Cir. 2013).

Because Plaintiff fails to state a viable federal claim, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claim.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** Plaintiff's claim arising under 42 U.S.C § 406.

2. **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state-law claim and **DISMISS** that claim without prejudice.

3. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 17th day of June, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**